*Duke & Richards, for appellant.*
*J. G. Wilson, for appellee.*

---

THOMAS ELDER, &c. *v.* DANIEL PROCISE.

Vendor and Purchaser—Rescission—Improvements.

> A purchaser from one holding lands in fee subject to be defeated upon his dying without issue, buys in good 'faith and is entitled to recover improvements just the amount the land was enhanced in value at the date of suit of the heirs, he being liable for rent, beginning at the same time.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY BRANCH.

February 29, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

There can be no question that Hiram Tucker took, under the will of his father, the fee in the land sued for, subject to be defeated by his dying without issue, and upon the happening of that event the title to the 132 acres of land vested in his surviving brothers and sisters.

But appellee, the vendee of Hiram Tucker, paid the full value of the land, and doubtless put the improvements on it in good faith, believing at the time that the land was his, he had the deed of his vender with a covenant of general warranty. And having made the improvements in good faith, appellee was entitled to be paid for them, just the amount the land was enhanced in value at the time the suit was brought, he being liable for rent beginning at the same time.

Appellants are to be charged with the value of the estate each received as heirs of Hiram Tucker, that value to be estimated at the time of his death, which is $4,400 in all, but in estimating the

value of that inheritance, the value of the dower right of the widow of decedent should be deducted. Certainly their inheritance from their brother of the 51 acres and odd poles of land was the worth of each one's portion subject to the dower interest of the widow of their brother therein, and they should not be charged more than the land they inherited was actually worth at the time, and its cash value, to be ascertained by means of annuity tables, taking into consideration the age and health of the widow, and that should be deducted.

Appellants are not entitled to any allowance for the stable that was burned on the 132 acres of land, as it was not burned by any fault of appellee.

It does not appear from the report of the master that the improvements put on the land were charged to appellant at their original cost, or whether he estimated them at the time he made his report—but neither aspect presents the case according to the rights of the parties. Appellee is only entitled to be allowed for the improvements made by him just the amount they enhanced or added to the value of the land at the time the suit was brought.

Wherefore, the judgment is *reversed,* and the cause is remanded, with directions that further proceedings be had not inconsistent herewith. And it may be proper to add that the judgment for the sale of appellants' interests in the land is also reversed, and the sale is set aside.

*James Harrison, for appellants.*
*Barnett, for appellee.*